UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RUFUS JONES,

              Plaintiff,                            **DECISION AND ORDER**

      v.                                          6:23-CV-06265 EAW

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

## INTRODUCTION

*Pro se* plaintiff Rufus Jones ("Plaintiff") brings this action against the Commissioner of Social Security (the "Commissioner" or "Defendant"), alleging that he has not been paid $9,838.18 in back social security benefits. (Dkt. 1). Currently pending before the Court are a motion to dismiss filed by the Commissioner (Dkt. 12), a motion to "change cause of action" filed by Plaintiff (Dkt. 17), and motion for summary judgment and to expedite filed by Plaintiff (Dkt. 21). For the reasons that follow, the Commissioner's motion to dismiss is granted on the basis that Plaintiff failed to exhaust administrative remedies, and Plaintiff's motions are denied.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's complaint. As required at this stage of the proceedings, the Court treats Plaintiff's factual allegations as true.

In April of 2016, Plaintiff was awarded Disability Insurance Benefits pursuant to the Social Security Act. (Dkt. 1 at 8). The award included two years of back payments.

(*Id*.). Plaintiff has received $11,000 in back payments but claims he is still owed an additional $9,838.18. (*Id*.). Since May of 2016, Plaintiff has "filed complaints with the Commissioner staff inspector Generals office." (*Id*.).

Attached to Plaintiff's complaint is a letter from the Social Security Administration ("SSA") dated May 19, 2016, which states: "As we told you in another letter, you agreed in writing that the MONROE CO DSS would be repaid the money it paid you. We paid the MONROE CO DSS $9,838.18." (*Id*. at 7).[1] Plaintiff has also attached to his complaint a letter from SSA dated May 21, 2022, and sent "in response to [Plaintiff's] request to review the past due Social Security disability benefits due and paid to you when [SSA] processed [Plaintiff's] disability benefits award in 2016." (Dkt. 1 at 6). This letter indicates that SSA's records show that Plaintiff was correctly paid. (*Id*.).

## PROCEDURAL BACKGROUND

Plaintiff commenced this action on May 12, 2023. (Dkt. 1). Defendant moved to dismiss the complaint on August 9, 2023, and Plaintiff opposed the motion. (Dkt. 12; Dkt. 15). Defendant filed a reply in further support of the motion to dismiss, and Plaintiff filed a sur-reply and a motion to change his asserted cause of action (Dkt. 17). Defendant thereafter filed a response to Plaintiff's motion (Dkt. 19), and Plaintiff filed a reply (Dkt. 20).

On December 27, 2023, Plaintiff filed a motion for summary judgment and to expedite. (Dkt. 22). Defendant did not respond to this motion. On February 1, 2024,

---

[1] The Court may consider documents attached to the complaint as exhibits on a motion to dismiss. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

Plaintiff' filed a request for a Clerk's Entry of Default (Dkt. 23), which was properly not entered by the Clerk of Court's Office. The matter was assigned to the undersigned on February 6, 2024. (Dkt. 24).

## DISCUSSION

### I. Motion to Dismiss

In his motion to dismiss, Defendant makes two arguments: (1) Plaintiff's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to exhaust his administrative remedies; and (2) Plaintiff's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) as moot. (*See* Dkt. 12-1). This Court lacks subject matter jurisdiction over an action that is moot. *See Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) ("Under Article III of the U.S. Constitution, when a case becomes moot, the federal courts lack subject matter jurisdiction over the action." (quotation and alteration omitted)). Accordingly, because Defendant's second argument impacts the Court's subject matter jurisdiction, the Court must address it first. *See United States v. Bond,* 762 F.3d 255, 263 (2d Cir. 2014) ("Subject matter jurisdiction is a threshold question that must be resolved before proceeding to the merits.") (quotation and alteration omitted).

#### A. The Case is Not Moot

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.á.r.l*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quotation and citation omitted). "A plaintiff asserting subject matter

- 3 -

jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction . . ., a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). In addition, a court is not limited to the allegations in the complaint and can "refer to evidence outside the pleadings," *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002), but it "may not rely on conclusory or hearsay statements contained in . . . affidavits," *J.S. v. Attica Central Schools*, 386 F.3d 107, 110 (2d Cir. 2004).

With respect to mootness, as previously noted, "[u]nder Article III of the U.S. Constitution, when a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (quotation and alteration omitted). The mootness doctrine is "[a] corollary to [the] case-or-controversy requirement" set forth in Article III, § 2, and requires that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (quotation omitted).

Defendant argues that the instant case is moot because "Plaintiff agreed in writing that the Monroe County Department of Social Services would be repaid the money it paid him while he waited for his supplemental security income – an amount that totaled exactly $9,838.18, which SSA paid to the Monroe County Department of Social Services." (Dkt. 12-1 at 8). However, this is a merits-based argument, not a mootness argument. Plaintiff denies having agreed to repay the Monroe County Department of Social Services and claims that he is currently owed $9,838.18. The fact that Defendant claims to have paid

Plaintiff the money he was owed does not render the controversy between the parties any less live than it was at the time the complaint was filed. Accordingly, the Court denies Defendant's motion to dismiss to the extent it is based on the alleged mootness of Plaintiff's claim.

### B. Plaintiff Failed to Exhaust his Administrative Remedies

The Court turns next to Defendant's argument that Plaintiff failed to exhaust his administrative remedies, which it considers under Rule 12(b)(6). "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). To withstand dismissal, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen*

*v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

This Court may review only a "final decision" of the Commissioner related to the payment of Social Security benefits. *See* 42 U.S.C. § 405(g). "The requirement of a 'final decision' has two components: (1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the agency, and (2) a waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted." *Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 5 (2d Cir. 2011). "District courts within the Second Circuit . . . routinely have required plaintiffs to exhaust their administrative remedies before seeking judicial review of Social Security determinations." *Papadopoulos v. Comm'r of Soc. Sec.*, No. 13 CIV. 3163, 2014 WL 2038314, at *3 (S.D.N.Y. May 15, 2014).

Here, the May 19, 2016 letter from the SSA to Plaintiff advising him that $9,838.18 had been paid to the Monroe County Department of Social Services further advised him: "If you disagree with this decision, you have the right to appeal. . . . You have 60 days to appeal in writing." (Dkt. 12-4 at 4).[2] Under the Commissioner's regulations, had Plaintiff

---

[2] Plaintiff has included only the first page of this document as an attachment to his complaint. However, the Court finds that the entire document—a copy of which has been provided by Defendant—is integral to and incorporated into the complaint. *See Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 308 (S.D.N.Y. 2017), *aff'd sub nom. Kommer v. Bayer Consumer Health, a division of Bayer AG*, 710 F. App'x 43 (2d Cir. 2018). Moreover, Plaintiff's right to appeal is set forth in the Commissioner's regulations. *See* 20 C.F.R. §§ 404.902(c), (j), 404.907. The Court further notes that the 60-day deadline may be waived by the Commissioner for good cause. *See id*. § 404.911.

appealed and been unsuccessful, he could have requested a hearing before an administrative law judge. *See* 20 C.F.R. § 404.907.

The record before the Court demonstrates that Plaintiff did not exhaust his administrative remedies. In particular, it is clear that even to the extent he claims to have appealed SSA's determination via his repeated complaints, he never requested or participated in a hearing before an administrative law judge. Plaintiff does not dispute that he did not exhaust his administrative remedies. Instead, he argues that he was not required to do so, because he has asserted this action under 42 U.S.C. § 1983. (*See* Dkt. 15). It is true that Plaintiff's complaint identifies § 1983 as a basis for his action. (*See* Dkt. 1 at 1).[3] However, the Commissioner of Social Security is a federal officer, and it is well-established that "[a]n action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers." *Bueno Diaz v. Mercurio*, 442 F. Supp. 3d 701, 706 (S.D.N.Y. 2020) (citation omitted).

Plaintiff argues in sur-reply that the New York Regional Office of the SSA is a New York agency that answers to the governor of New York. (Dkt. 17 at 2). That is simply incorrect. Federal agencies do not become state agencies because they have regional offices located within a state, and the governor of New York state has no authority over the New York Regional Office of the SSA. Plaintiff cannot excuse his failure to exhaust

---

[3]   Plaintiff's complaint also identifies 42 U.S.C. § 407, Social Security Ruling 79-4, and 18 U.S.C. § 1001 as the basis for federal jurisdiction. (Dkt. 1 at 1). However, there is no private cause of action pursuant to 18 U.S.C. § 1001, *see Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992), and 42 U.S.C. § 407 applies to the payment of future Social Security benefits.

his administrative remedies by invoking § 1983, because § 1983 does not apply on the facts presented.

The Court further finds no reason to waive Plaintiff's exhaustion of administrative remedies. *See Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) ("[E]xhaustion is the rule, waiver the exception." (citation omitted)). "[A] plaintiff's failure to exhaust administrative remedies can be excused if (1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm." *Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997). Here, Plaintiff's claim is directly related to his demand for benefits. Further, the Court cannot conclude that exhaustion would be futile, inasmuch as "[a] final agency decision and developed written record would ensure a more complete review in federal court." *Escalera*, 457 F. App'x at 7. Finally, no irreparable harm would ensue from requiring exhaustion in this case, because Plaintiff could potentially recover the amount at issue if he prevailed through the administrative process. *See Moore v. Comm'r of Soc. Sec.*, No. 16-CV-1713 (SN), 2016 WL 6581330, at *3 (S.D.N.Y. Nov. 4, 2016).

For all these reasons, the Court finds that dismissal of Plaintiff's claim without prejudice for failure to exhaust his administrative remedies is appropriate.

II. **Motion to Change Cause of Action**

In addition to arguing that his claim is brought under § 1983, Plaintiff has filed a motion requesting that the Court change his cause of action to one brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Dkt. 17). "A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against

federal officials who have violated their constitutional rights." *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007).

While § 1983 "entitles an injured person to money damages if a state official violates his or her constitutional rights," Congress has not "create[d] an analogous statute for federal officials. Indeed, in the 100 years leading up to *Bivens,* Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government." *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017). "In *Bivens*, the Court held that it had authority to create a cause of action under the Fourth Amendment against federal agents who allegedly manacled the plaintiff and threatened his family while arresting him for narcotics violations." *Egbert v. Boule*, __ U.S. __, 142 S. Ct. 1793, 1802 (2022). "Over the following decade, the Court twice again fashioned new causes of action under the Constitution—first, for a former congressional staffer's Fifth Amendment sex-discrimination claim, *see Davis v. Passman*, 442 U.S. 228 (1979); and second, for a federal prisoner's inadequate-care claim under the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980)." *Id*.

Since deciding *Carlson* in 1980, the Supreme Court has not implied an additional cause of action under the Constitution. In *Ziglar*, the Supreme Court explain[ed] that "expanding the *Bivens* remedy is now a disfavored judicial activity," and that the key question to be asked "is who should decide whether to provide for a damages remedy, Congress or the courts?" 582 U.S. at 135 (quotations omitted). The *Ziglar* Court further explained that the *Bivens* remedy may not be extended into a new context if there are "special factors counselling hesitation in the absence of affirmative action by Congress,"

*id*. at 136 (citation omitted), and that a context is new "[i]f the case is different in a meaningful way from previous *Bivens* cases" decided by the Supreme Court, *id*. at 139. A context may be meaningfully different "because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider." *Id*. at 139-40. Ultimately, "if there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy[,] the courts must refrain from creating [one]." *Id*. at 137.

In *Egbert*, the Supreme Court reiterated that "[e]ven a single sound reason to defer to Congress is enough to require a court to refrain from creating . . . a [*Bivens*] remedy." 142 S. Ct. at 1803 (quotation omitted). "If there is a rational reason to think" that the answer to the question "who should decide whether to provide for a damages remedy, Congress or the Courts?" is Congress, "as it will be in most every case," then "no *Bivens* action may lie." *Id*. (citation omitted). The Supreme Court explained further that "if [it] were called to decide *Bivens* today, [it] would decline to discover any implied causes of action in the Constitution." *Id*. at 1809. As another judge in this Circuit has noted, "the *Egbert* Court made clear that, effectively, [the special factors inquiry] operates as a bar to a *Bivens* claim in all cases except, perhaps, those involving Fourth, Fifth and Eighth Amendment claims factually indistinguishable from *Bivens*, [*Davis*], or *Carlson*." *Cohen*

*v. United States*, No. 21-CV-10774 (LJL), 2022 WL 16925984, at *6 (S.D.N.Y. Nov. 14, 2022); *see also Smith v. Garcia*, No. 21-CV-578 NGG RJR, 2022 WL 17852393, at *7 (E.D.N.Y. Dec. 22, 2022) (same).

Applying the standard set forth in *Ziglar* and *Egbert*, the Court easily concludes that Plaintiff does not have a viable *Bivens* claim under the circumstances set forth here. This case is unlike any in which the Supreme Court has previously recognized a *Bivens* action. Further, there is good reason to defer to Congress as to the availability of a damages remedy. In particular, Congress has chosen to place the administration of Social Security benefits under the purview of the Commissioner, who in turn has promulgated regulations setting forth the procedures that must be followed to make a claim like the one asserted by Plaintiff. Creation of a judicial damages remedy would interfere with the Commissioner's carefully developed administrative processes.

Because Plaintiff could not assert a viable *Bivens* cause of action based on the facts of this case, his request to change his claim to one under *Bivens* is denied.

### III. <u>Motion for Summary Judgment and to Expedite</u>

The Court turns lastly to Plaintiff's motion for summary judgment and to expedite. (Dkt. 21). As a threshold matter, the Court notes that while Defendant has not responded to this motion, that does not entitle Plaintiff to relief. It is well-established that "the failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Instead, the Court has an independent obligation to review the motion for summary judgment and determine whether the moving party has met its burden of demonstrating

that no material issue of fact remains for trial. *See id.* Plaintiff's motion for summary judgment falls far short of satisfying the applicable standard.

Moreover, Plaintiff has not complied with the Court's Local Rules with respect to filing motions for summary judgment. *See* Loc. R. Civ. P. 56. And the Court has already determined, for the reasons discussed above, that Plaintiff's claim must be dismissed for failure to exhaust his administrative remedies. For all these reasons, the Court denies Plaintiff's request for summary judgment. The Court further denies Plaintiff's motion to expedite as moot, in light of the issuance of the instant Decision and Order.

## IV.     Leave to Amend

The Court ordinarily will not dismiss a complaint filed by a *pro se* litigant without affording an opportunity to amend. However, in this case, the issue with Plaintiff's complaint cannot be cured by more fulsome pleading. Plaintiff concedes that he has not exhausted his administrative remedies, and his proffered reason for this failure is insufficient as a matter of law. Under these circumstances, amendment would be futile. Accordingly, the Court need not grant leave to amend.

## CONCLUSION

For the reasons set forth above, the Court denies Defendant's motion to dismiss (Dkt. 12) to the extent it seeks to dismiss the matter as moot, but grants Defendant's motion to dismiss to the extent that the complaint is dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff's motions to change his cause of action to one under *Bivens*, for summary judgment, and to expedite (Dkt. 17; Dkt. 21) are denied. The Clerk of Court is directed to close the case. The Court hereby certifies, pursuant to 28

U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Any request to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuity in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: February 7, 2024
      Rochester, New York